UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL MOORE, Jr.,<br><br>Defendant. | Criminal No. 13-330 (JDB) |

## MEMORANDUM OPINION

Before the Court is [12] defendant Paul Moore, Jr.'s motion to modify conditions of release, which the government opposes [13]. Upon consideration of the defendant's motion, the government's opposition, applicable law, and the entire record herein, the Court will deny the defendant's motion.

## BACKGROUND

On November 13, 2013, Moore was arrested in Southeast Washington, D.C. following a brief chase on foot. Police officers observed Moore adjusting his waistband as if he were armed, and approached him. When he then fled, police gave chase. The government alleges that during the chase, an officer recovered a handgun that had fallen out of Moore's waistband. During a search of his person after the arrest, the government alleges, police officers recovered various controlled substances. A grand jury subsequently returned an indictment charging Moore with unlawful possession with intent to distribute cocaine base; simple possession of a controlled substance; unlawful possession of a firearm and ammunition by a convicted felon; and using, carrying, and possessing a firearm during a drug trafficking offense. In December 2013, at Moore's initial appearance, Magistrate Judge Facciola found that no conditions of release would

reasonably assure the safety of the community and ordered him held without bond. Moore has now moved the Court to permit his release pending trial.

## LEGAL STANDARD

The Bail Reform Act provides that, to detain a defendant before trial, the government must establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). The Court may reconsider prior bond determinations based upon new information bearing on the pretrial release issue. See id. § 3142(f)(2)(B) (permitting court to reopen bond hearing if court finds that "information exists which was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required . . . ."); United States v. Ali, No. 11-106, 2013 WL 47472011 (D.D.C. Sept. 5, 2013) ("Congress clearly intended that courts be able to reopen and reconsider prior bond determinations.").

## DISCUSSION

After considering the four factors set out in section 3142(g),[1] the Court finds by a preponderance of the evidence that no condition or set of conditions will reasonably assure the safety of the community.

---

[1] Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## I. Nature and Circumstances of the Offenses Charged

First, the nature and circumstances of the offenses charged strongly favor detention. Moore has been charged with several serious charges involving drug trafficking and unlawful possession of a firearm. Moreover, he proffers no new facts bearing on the serious nature and circumstances of the offenses charged.

## II. Weight of the Evidence Against Defendant

The weight of the evidence against Moore also strongly favors detention. The government alleges that, during the chase, an officer recovered a loaded handgun that had fallen out of Moore's waistband. The government also alleges that, during a search of Moore's person following his arrest, officers found a plastic bag containing nineteen ziplock bags of crack cocaine, five ecstasy pills, nineteen unused ziplock bags, and $339 in cash. Once again, Moore does not proffer any new facts that bear on the weight of the evidence against him.

## III. History and Characteristics of the Defendant

Moore's history and characteristics strongly favor detention. Moore argues that he is a lifelong resident of D.C.; that he has family in the area; and that although he has a prior record, at the time he was arrested in this case he was compliant with his D.C. supervision requirements. He notes, though, that the record indicates that he had not been reporting to Maryland authorities. The government points out that Magistrate Judge Facciola has already considered that Moore is a lifelong resident of D.C. and that he has a family in the area. Those facts therefore add nothing to his motion. Further, the government submits that Moore's history demonstrates his inability to comply with community supervision. Specifically, the government notes that at the time he was arrested in this case, he was on probation; the government also notes that his supervised release for an unrelated conviction was revoked. Even if he had been compliant with his D.C.

supervision requirements up until the point when he was arrested, he was on probation for convictions for armed robbery and use of a handgun during the commission of a crime of violence. The Court thus finds that Moore's criminal history and characteristics continue to weigh strongly in favor of detention.

IV. **The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Defendant's Release**

The nature and seriousness of the danger to any person or the community strongly favor detention. That Moore is a lifelong D.C. resident and that he has family in the area does not diminish the nature and seriousness of the danger he poses to the community. He is charged with serious offenses, including unlawful possession of a firearm by a convicted felon and a drug trafficking offense. He has prior convictions for armed robbery and use of a handgun during the commission of a crime of violence. Moreover, he has proffered no new facts to alter Magistrate Judge Facciola's previous detention order.

## **CONCLUSION**

Because of the nature and circumstances of the offenses Moore is charged with, the potential sentence he faces, the weight of the evidence against him, his history and characteristics, and the danger he poses to the community, the Court finds by a preponderance of the evidence that no conditions of release would reasonably assure the safety of the community. Hence, pretrial detention of Moore continues to be appropriate in this case. The Court will therefore deny Moore's motion to modify conditions of release. A separate order has issued this date.

/s/
JOHN D. BATES
United States District Judge

Dated: March 31, 2014